UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

Wilburt Perez, on behalf of himself and others similarly
situated in the proposed FLSA Collective Action,

                                *Plaintiff,*

       v.

Michael J. Martino, and Jonas Bronck Housing Co, Inc.,

                              *Defendants.*

_____

                                          23-CV-00193

                                          **ANSWER**

Defendants Michael J. Martino ("Mr. Martino") and Jonas Bronck Housing Co., Inc. ("JB Housing") (collectively "Defendants"), by and through their attorneys, Harris Beach PLLC, for their Answer to the Complaint of Plaintiff Wilburt Perez, state as follows:

1.      With respect to the allegations in Paragraph "1" of the Complaint, Defendants admits that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act and New York Labor Law, deny that Defendants violated those laws, and otherwise refers to the statutes cited therein for their true and accurate content.

2.      With respect to the allegations in Paragraph "2" of the Complaint, Defendants admit that Plaintiff is seeking relief pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), deny that Plaintiff is entitled to any such relief, and otherwise refers to the statutes cited therein for their true and accurate content.

## JURISDICTION AND VENUE

3.      With respect to the allegations in Paragraph "3" that set forth conclusions of law, no response is necessary, and Defendants refer to the statutes cited therein for their true and accurate content.

4.     With respect to the allegations in Paragraph "4" that set forth conclusions of law, no response is necessary, and Defendants refer to the statutes cited therein for their true and accurate content.

5.     With respect to the allegations in Paragraph "5" that set forth conclusions of law, no response is necessary, and Defendants refer to the statutes cited therein for their true and accurate content.  Defendants deny that all events relevant to this action occurred within this District.

**THE PARTIES**

6.     With respect to the allegations in Paragraph "6" of the Complaint, Defendants admit that Plaintiff was employed by JB Housing in various capacities, including a superintendent at the property located at 230 East 179th St., Bronx, NY 10457.

7.     With respect to the allegations in Paragraph "7" that set forth conclusions of law, no response is necessary, and Defendants admit that Plaintiff was employed as a superintendent.

8.     With respect to the allegations in Paragraph "8" that set forth conclusions of law, no response is necessary, and Defendants refer to the statutes cited therein for their true and accurate content.

9.     With respect to the allegations in Paragraph "9" that set forth conclusions of law, no response is necessary, and Defendants refer to the statutes cited therein for their true and accurate content.

10.     With respect to the allegations in Paragraph "10" of the Complaint, Defendants admit that JB Housing is a corporation existing under the laws of the State of New York with a principal place of business located at 230 East 179th Street Bronx NY 10457.

11.     Defendants deny each and every allegation set forth in Paragraph "11" of the Complaint.

12.     With respect to the allegations in Paragraph "12" that set forth conclusions of law, no response is necessary, and Defendants refer to the statutes cited therein for their true and accurate content.

13.     With respect to the allegations in Paragraph "13" that set forth conclusions of law, no response is necessary, and Defendants refer to the statutes cited therein for their true and accurate content.

14.     With respect to the allegations in Paragraph "14" of the Complaint, Defendants admit that JB Housing had control of Plaintiff's working conditions and compensation, deny that there are any similarly situated individuals, and otherwise deny the remaining allegations therein.

15.     With respect to the allegations in Paragraph "15" of the Complaint, Defendants admit that JB Housing had control of Plaintiff's working conditions and compensation, deny that there are any similarly situated individuals, and otherwise deny the remaining allegations therein.

16.     With respect to the allegations in Paragraph "16" of the Complaint, Defendants admit that Mr. Martino has engaged in business within the district.

17.     With respect to the allegations in Paragraph "17" of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

18.     With respect to the allegations in Paragraph "18" of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

19.     With respect to the allegations in Paragraph "19" of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

20.     With respect to the allegations in Paragraph "20" that set forth conclusions of law, no response is necessary, and Defendants refer to the statutes cited therein for their true and accurate content.  Defendants deny that Mr. Martino was the Plaintiff's employer.

21.     With respect to the allegations in Paragraph "21" of the Complaint, Defendants admit that JB Housing owns the residential property located at 230 East 179th St., Bronx, NY 10457, and deny the remaining allegations therein.

22.     With respect to the allegations in Paragraph "22" that set forth conclusions of law, no response is necessary.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations therein.

23.     With respect to the allegations in Paragraph "23" that set forth conclusions of law, no response is necessary.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations therein.

24.     With respect to the allegations in Paragraph "24" of the Complaint, Defendants admit that JB Housing had control over Plaintiff's terms and conditions of employment, and deny the remaining allegations therein.

25.     With respect to the allegations in Paragraph "25" that set forth conclusions of law, no response is necessary and the Defendants refer to the statutes cited therein for their true and accurate content.  Defendants deny that they are joint employers and deny that there are any similarly situated individuals.

26.     With respect to the allegations in Paragraph "26" that set forth conclusions of law, no response is necessary.  Defendants deny that they are joint employers and deny that there are any similarly situated individuals.

27.     With respect to the allegations in Paragraph "27" that set forth conclusions of law, no response is necessary.  Defendants refer to the statutes cited therein for their true and accurate content and otherwise deny the remaining allegations therein.

28.     With respect to the allegations in Paragraph "28" that set forth conclusions of law, no response is necessary.  Defendants refer to the statutes cited therein for their true and accurate content and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity the remaining allegations therein.

29.     With respect to the allegations in Paragraph "29" of the Complaint, Defendants admit that JB Housing had control over Plaintiff's terms and conditions of employment, and deny the remaining allegations therein.

**FACTUAL ALLEGATIONS**

30.     With respect to the allegations in Paragraph "30" of the Complaint, Defendants admit that Plaintiff was an employee of JB housing and deny the remaining allegations therein.

31.     Defendants deny each and every allegation in Paragraph "31" of the Complaint.

32.     With respect to the allegations in Paragraph "32" of the Complaint, Defendants admit that Plaintiff was an employee of JB housing and deny the remaining allegations therein.

33.     With respect to the allegations in Paragraph "33" of the Complaint, Defendants admit that Plaintiff began working for JB Housing in November 2001 and deny knowledge or informaiton sufficient to form a belief as to the truth or falsity of the remaining allegations.

34.     With respect to the allegations in Paragraph "34" of the Complaint, Defendants admit that Plaintiff was employed by JB Housing and deny knowledge or informaiton sufficient to form a belief as to the truth or falsity of the remaining allegations.

35.     With respect to the allegations in Paragraph "35" of the Complaint, Defendants admit that Plaintiff worked as a superintendent for JB Housing from approximately February 2020 to June 2021.

36.     With respect to the allegations in Paragraph "36" of the Complaint, Defendants admit that Plaintiff performed general maintenance work while employed by JB Housing as a superintendent.

37.     With respect to the allegations in Paragraph "37" of the Complaint, Defendants admit that Plaintiff performed general maintenance work while employed by JB Housing as a superintendent, deny that Plaintiff performed any work for which he was not properly compensated, and deny the remaining allegations therein.

38.     Defendants deny each and every allegation in Paragraph "38" of the Complaint.

39.     Defendants deny each and every allegation in Paragraph "39" of the Complaint.

40.     Defendants deny each and every allegation in Paragraph "40" of the Complaint.

41.     Defendants deny each and every allegation in Paragraph "41" of the Complaint.

42.     With respect to the allegations in Paragraph "42" of the Complaint, Defendants admit that Plaintiff was paid a base salary of approximately $68,000 per year while employed as a superintendent, in addition to other benefits and forms of compensation.

43.     Defendants deny each and every allegation in Paragraph "43" of the Complaint.

44.     Defendants deny each and every allegation in Paragraph "44" of the Complaint.

45.     Defendants deny each and every allegation in Paragraph "45" of the Complaint.

46.    Defendants deny each and every allegation in Paragraph "46" of the Complaint.

47.    Defendants deny each and every allegation in Paragraph "47" of the Complaint.

48.    Defendants deny each and every allegation in Paragraph "48" of the Complaint.

49.    Defendants deny each and every allegation in Paragraph "49" of the Complaint.

50.    With respect to the allegations in Paragraph "50" that set forth conclusions of law, no response is necessary and the Defendants refer to the statutes cited therein for their true and accurate content. Defendants deny that there are any similarly situated individuals.

51.    With respect to the allegations in Paragraph "51" that set forth conclusions of law, no response is necessary and the Defendants refer to the statutes cited therein for their true and accurate content. Defendants deny that there are any similarly situated individuals and deny that Defendants failed to pay and legally required wages.

52.    With respect to the allegations in Paragraph "52" that set forth conclusions of law, no response is necessary and the Defendants refer to the statutes cited therein for their true and accurate content. Defendants deny that there are any similarly situated individuals.

53.    With respect to the allegations in Paragraph "53" that set forth conclusions of law, no response is necessary and the Defendants refer to the statutes cited therein for their true and accurate content. Defendants deny that there are any similarly situated individuals.

**FIRST CLAIM**

54.    Defendants repeat and incorporates all of the foregoing paragraphs as if fully set forth herein.

55.    With respect to the allegations in Paragraph "55" that set forth conclusions of law, no response is necessary and the Defendants refer to the statutes cited therein for their true and accurate content. Defendants deny Defendants failed to pay and legally required wages.

56.     With respect to the allegations in Paragraph "56" that set forth conclusions of law, no response is necessary and the Defendants refer to the statutes cited therein for their true and accurate content. Defendants deny Defendants failed to pay and legally required wages.

57.     Defendants deny each and every allegation in Paragraph "57" of the Complaint.

58.     Defendants deny each and every allegation in Paragraph "58" of the Complaint.

59.     Defendants deny each and every allegation in Paragraph "59" of the Complaint.

**SECOND CLAIM**

60.     Defendants repeat and incorporate all of the foregoing paragraphs as if fully set forth herein.

61.     With respect to the allegations in Paragraph "61" that set forth conclusions of law, no response is necessary and the Defendants refer to the statutes cited therein for their true and accurate content. Defendants deny Defendants failed to pay and legally required wages.

62.     With respect to the allegations in Paragraph "62" that set forth conclusions of law, no response is necessary and the Defendants refer to the statutes cited therein for their true and accurate content. Defendants deny Defendants failed to pay and legally required wages.

63.     Defendants deny each and every allegation in Paragraph "63" of the Complaint.

64.     Defendants deny each and every allegation in Paragraph "64" of the Complaint.

65.     Defendants deny each and every allegation in Paragraph "65" of the Complaint.

**THIRD CLAIM**

66.     Defendants repeat and incorporate all of the foregoing paragraphs as if fully set forth herein.

67.     With respect to the allegations in Paragraph "61" that set forth conclusions of law, no response is necessary and the Defendants refer to the statutes cited therein for their true and accurate content.

68.     Defendants deny each and every allegation in Paragraph "68" of the Complaint.

69.     Defendants deny each and every allegation in Paragraph "69" of the Complaint.

## FOURTH CLAIM

70.     Defendants repeat and incorporate all of the foregoing paragraphs as if fully set forth herein.

71.     Defendants deny each and every allegation set forth in Paragraph "71" of the Complaint.

72.     Defendants deny each and every allegation set forth in Paragraph "72" of the Complaint.

73.     With respect to the "WHEREFORE" Paragraph of the Complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever, and otherwise deny each and every remaining allegation therein.

74.     Defendants specifically deny each and every other allegation not heretofore admitted, denied or otherwise controverted.

## AS AND FOR DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

75.     Plaintiff's Complaint must be dismissed because if fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

76.     Plaintiff's Complaint should be dismissed to the extent that it is premised on any allegations outside the applicable limitations periods imposed by the statutes pursuant to which they bring this action, or to the extent that the Plaintiff has failed to comply with any other applicable limitations periods with respect to the filing or service of this action.

## THIRD AFFIRMATIVE DEFENSE

77.     Upon information and belief, Plaintiff's Complaint is barred in whole or in part, by the equitable doctrines of unclean hands, fraud, estoppel, waiver, and/or avoidable consequences.

## FOURTH AFFIRMATIVE DEFENSE

78.     The proposed class cannot be certified because Defendants' alleged violations of the FLSA and the NYLL were not pursuant to a uniform policy or plan.

## FIFTH AFFIRMATIVE DEFENSE

79.     Plaintiff's Complaint should be dismissed to the extent that he was overtime exempt while employed by JB Housing.

## SIXTH AFFIRMATIVE DEFENSE

80.     Plaintiff's claims asserting a class or collective action are inappropriate because Plaintiff is not similarly situated to the putative collective individuals whom he purports to represent; the putative class does not meet numerosity requirements under 29 U.S.C. § 216 and/or the NYLL, there are not questions of law or fact common to the class; Plaintiff's claims are not typical of claims that could be asserted by putative class members; Plaintiff is not an adequate representative of the proposed class; to the extent any damages are ascertainable, individual issues among the proposed class of liability and damages predominate over any issues common to the putative class; and the proposed class cannot be certified as pleaded.

**SEVENTH AFFIRMATIVE DEFENSE**

81.     Plaintiff's claims are barred as to the hours allegedly worked where Defendants did not have actual or constructive knowledge of such hours worked.

**EIGHTH AFFIRMATIVE DEFENSE**

82.      Plaintiff's claims are barred to the extent that Defendants can establish a partial or complete defense based on documentary records and evidence.

**NINTH AFFIRMATIVE DEFENSE**

83.     Plaintiff's claims against the individual Defendant are barred to the extent that he purports to bring them under any statute or authority pursuant to which no individual liability is contemplated as a matter of law.

**TENTH AFFIRMATIVE DEFENSE**

84.     Plaintiff's claims against the individual Defendant are barred to the extent he has failed to allege any personal involvement in the alleged violations.

**ELEVENTH AFFIRMATIVE DEFENSE**

85.     Upon information and belief, Plaintiff's claims are barred in whole or in part because he has unreasonably failed to mitigate his damages.

**TWELFTH AFFIRMATIVE DEFENSE**

86.     Plaintiff's claims for damages are barred to the extent they seek any measure of recovery in excess of those damages allowed by the statutes pursuant to which their action is brought.

**THIRTEENTH AFFIRMATIVE DEFENSE**

87.     Plaintiff's claims should be dismissed because he received payment for all work performed in accordance with the FLSA and NYLL.

### FOURTEENTH AFFIRMATIVE DEFENSE

88.     Plaintiff's claims are barred because Defendants carried out all pay practices in good faith and in conformity with applicable law and regulatory guidance.

### FIFTEENTH AFFIRMATIVE DEFENSE

89.     Plaintiff's claims for liquidated damages should be dismissed because Defendants' actions were not willful and they did not otherwise rise to the level necessary to sustain such damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims pursuant to the New York Wage Theft Prevention Act are barred because Defendants have made complete and timely payment of all wages due.

### SEVENTEENTH AFFIRMATIVE DEFENSE

91.     Plaintiff's Complaint should be dismissed because he was a residential janitor paid pursuant to an employment agreement.

### EIGHTEENTH AFFIRMATIVE DEFENSE

92.     Plaintiff's claims should be dismissed to the extent that this court lacks personal jurisdiction.

### NINETEENTH AFFIRMATIVE DEFENSE

93.     Plaintiff's claims should be dismissed to the extent that this court lacks subject matter jurisdiction.

### TWENTIETH AFFIRMATIVE DEFENSE

94.     Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to them through discovery.

**WHEREFORE**, for all the foregoing reasons, Defendants respectfully demand judgment dismissing Plaintiff's Complaint in its entirety on the merits, together with costs, disbursements, and reasonable attorneys' fees incurred in the defense of this action; that in the event judgment is awarded to Plaintiff, that it be reduced to the extent that Plaintiff has failed to mitigate his damages; and that Defendants have such other and further relief as this Court may deem just and proper.

Dated: June 21, 2023

**HARRIS BEACH PLLC**

*s/Daniel J. Palermo*

Daniel J. Palermo, Esq.
Keith M. Corbett, Esq.
*Attorneys for Defendants*
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553
Tel: (585) 419-8800
dpalermo@harrisbeach.com
kcorbett@harrisbeach.com