# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

March 11, 2024

*Via ECF*
The Hon. Katherine Polk Failla, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

        Re: *Perez v. Martino et al*
           **Case No.: 23-cv-00193**

Dear Honorable Judge Failla:

  This law firm represents Plaintiff Wilburt Perez (the "Plaintiff") in the above-referenced matter.

  Pursuant to the directives contained in Your Honor's Individual Motion Practice Rules, this letter respectfully serves as a response to the March 8, 2024 letter motion filed by Defendants Michael J. Martino (the "Individual Defendant") and Jonas Bronck Housing Co. Inc. (the "Corporate Defendant", and together with the Individual Defendant, the "Defendants") [Dckt. No. 22] (the "Motion to Stay") requesting an extension of time, *sin die*, to comply with the directives in Your Honor's March 6, 2024 Notice of Initial Pretrial Conference [Dckt. No. 20].

  Although stylized as a letter motion for an extension of time, Defendants are effectively seeking an indefinite stay on all discovery, pending the filing of a contemplated motion to dismiss.

## I. Preliminary Statement

  As a threshold matter, Defendants' Motion to Stay was filed in derogation of:

1. Your Honor's Individual Rule 2(C)(i)[1]
2. Your Honor's Individual Rule 3(C)[2];
3. Your Honor's Individual Rule 4(A)[3]; and
4. Local Civil Rule ("LCR") 37.2.[4]

---

[1] "Letter motions for adjournments or extensions of time should state: (i) the original due date; (ii) the number of previous requests for adjournment or extension of time; (iii) whether these previous requests were granted or denied; (iv) the reason for the current request; and (v) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent."

[2] "Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party seeking discovery shall promptly file on ECF a letter motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful."

[3] "Pre-motion submissions are required for… motions concerning discovery… The submission of a pre-motion letter does not stay any future deadlines, except that submission of a pre-motion letter concerning a motion to dismiss will stay a defendant's time to answer or otherwise move with respect to the Complaint."

[4] "No motion under Rules 26 through 37 inclusive of the [Fed.R.Civ.P.] shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and

Defendants' failure to comply with this Court's Individual Motion Practice Rules is sufficient grounds in and of itself to deny the Letter Motion. *See United States for use & benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.,* 2021 WL 1948487, at *5 (S.D.N.Y. 2021); *Bento v. New York City Dep't of Citywide Admin. Servs.*, 2020 WL 1434570, at *4 (S.D.N.Y. 2020); *Paulson v. Tidal*, 2018 WL 3432166, at *6 (S.D.N.Y. 2018); *Stone v. 866 3rd Next Generation Hotel,* 2001 WL 515202, at *1 (S.D.N.Y. 2001).

Turning to the substance of Defendants' Motion to Stay, it should be denied as set forth more fully below.

## II. Relevant Factual Background

### A. Plaintiff's Allegations of Unpaid Overtime

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and Articles 6 and 19 of the New York State Labor Law ("NYLL"), brought by an individual against his former employers for violations of federal and state wage-and-hour laws.

Defendants own and operate the residential property located at: (i) 230 East 179th St., The Bronx, NY 10457 (the "179th St. Property").

Plaintiff was first hired to work for Defendants as a maintenance personnel in January 2000. Plainitff then worked for Defendants as a foreman beginning in January 2010 through and including December 2019.

Between January 2020 through and including June 1, 2022[5], Perez worked at the 179th St. Property as a superintendent.

To accomplish their business goals, Defendants grossly exploited Plaintiff, who worked round-the-clock as a superintendent, (24) hours a day, seven (7) days per week addressing reoccurring emergent issues at Defendants 'Properties. Plaintiff alleges significant wage and hour violations under FLSA and NYLL for, *inter alia*, unpaid minimum wages, overtime compensation, and violations of the notice and record keeping requirements of the New York Wage Theft Prevention Act.

As a superintendent, Plaintiff was required to be on call at or near 179th St. Property, twenty-four (24) hours a day, seven (7) days per week, including holidays to address reoccurring emergent issues, such as lost keys, locked doors, electrical shortages, clogged toilets, leaks, and other issues that either the Defendants or tenants of 179th St. Property would demand that Plaintiff address.

From approximately January 2020 through and including June 1, 2021, Defendants paid Plaintiff a flat salary of $68,000 per year.

---

such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference."

[5] Paragraph 35 of the Complaint contains a scrivener's error. Plaintiff was employed as a superintendent from January 2000 through and including ***June 1, 2022*** (not June 1, 2021).

Plaintiff is entitled to recover his overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs under the FLSA and the NYLL.

### III.    Legal Standard

"When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff s claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, 2016 WL 2641122, at *1 (S.D.N.Y. 2016) (internal quotations and citations omitted) (denying stay). "[D]iscovery…should not be automatically stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Finance Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69 (S.D.N.Y. 2013). "An overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Id*. at 72.

### IV.    Legal Argument

#### A. Defendants Have Not Made a Requisite Showing that Plaintiff's Claims are Unmeritorious

A threshold requirement for granting a stay of all discovery pending the disposition of a motion to dismiss is that the motion "appear[s] to have substantial grounds." *Id*. at 72 (emphasis added) (internal quotation marks omitted). Phrased otherwise, this standard requires "a strong showing that the [opposing party's] claim is unmeritorious." *Ema Fin., LLC v. Vystar Corp.*, 2020 WL 4808650, at *3 (S.D.N.Y. 2020) (citations and internal quotations omitted). Defendants cannot satisfy this heavy burden.

The pending Motion to Dismiss does not "have substantial grounds" in the slightest to dismiss Plaintiffs' FLSA claims. Defendants' Motion to Dismiss is doomed to fail given that it seeks to overturn a legion of case law in this Circuit, requiring the completion of discovery before issues of disputed fact can be decided. Defendants' requested relief results in the needless incurrence of attorneys' fees that are far better used in resolving a case where Plaintiff has made substantive claims for underpayment. This is especially true, given Defendants have not – and cannot – deny Plaintiff's underlying assertion that Defendants' maintained an illegal business practice of intentionally misclassifying Plaintiff as a salaried employee.

#### B. Defendants Cannot Establish that Discovery is Unduly Burdensome

As to the "breadth of discovery, and the burden of responding to it", courts consider the volume of discovery sought and the costs involved in responding to subpoenas and discovery requests. *See Ema Fin., LLC,* 2020 WL 4808650 at *7. Where the discovery sought does not cover a considerable timespan, and third-party discovery is not anticipated, the burden imposed is significantly diminished. *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *7 (S.D.N.Y. 2018).

3

Pursuant to the Court's June 22, 2023 Mediation Referral Order [Dckt. No. 18], Defendants were ordered to produce the following documents on or before July 20, 2023:

1. Any existing documents that describe Plaintiff's duties and responsibilities.

2. Any existing records of wages paid to and hours worked by the Plaintiff (*e.g.*, payroll records, time sheets, work schedules, wage statements and wage notices).

3. Any existing documents describing compensation policies or practices.

4. If the personal liability of any individual Defendant is disputed (e.g., Defendant was not an owner or manager), documentary evidence to support this position

5. Proof of financial condition including tax records, business records, or other documents demonstrating their financial status – assuming Defendants intend to assert an inability to pay.

Defendants did not produce *any* documents by July 20, 2023, in violation of the Court's October 13, 2023 Mediation Referral Order.

Thus, Defendants have not satisfied their obligation to maintain "records of employee wages, hours, tips, and other conditions and practices of employment." 29 U.S.C. § 211(c); 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 142–2.6

Nor have Defendants provided the undersigned counsel with any records[6] to meaningfully determine whether or not Defendants truly suffer from any "financial hardship", should the issue come up during the mediation.

Accordingly, Defendants cannot establish the second element to establish cause for a stay of discovery, in light of the fact that they do not anticipate producing any paper discovery.

### C. The Avoidance of Prejudice Militates Against a Stay

As to the third factor, Federal Courts have recognized the potential negative impact of a stay of discovery, and the risk of unfair prejudice it poses to the opposing party. *See U.S. v. The Diversified Group, Inc.*, U.S. Dist. LEXIS 23920 (S.D.N.Y. 2002) ("A stay would also subject the Petitioner to the risk of loss of records or the dimming of memories"); *Matter of Mari Boeing*, U.S. Dist. LEXIS 9632 (S.D.N.Y. 1981) ("A stay might also hinder the accuracy of testimony in the damages trial: witnesses disappear and memories fade as time passes"). This is a legitimate concern here.

The timeline of the instant case is a legitimate factor that weighs in favor of the denial of the stay. The time it would take for the Court to rule on the Motion to Dismiss is not insufficient.

---

[6] Including, *inter alia*, (i) the Individual Defendant's federal income tax returns; (ii) the Individual Defendant's bank statements; (iii) the Corporate Defendants' federal income tax returns; (iv) the Corporate Defendants' bank statements; and (v) a summary of Defendants' assets, including real estate and personal property.

Even then, ultimately, the Motion to Dismiss would not result in the complete dismissal of Plaintiffs' claims.

Accordingly, the Defendants cannot establish the third element to establish cause for a stay of discovery.

**V.     Conclusion**

For the reasons set forth above, the relief requested in Defendants' Motion to Stay should be denied in its entirety.

Thank you, in advance, for your time and consideration.

Respectfully submitted,

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**

By: _/s/ Jason Mizrahi_
Jason Mizrahi
60 East 42nd St., Suite 4700
New York, NY 10170
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiff*

VIA ECF: All Counsel