# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165

T: 212.792-0048 • E: Jason@levinepstein.com

March 11, 2024

*Via ECF*
The Hon. Katherine Polk Failla, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007



Re:     *Perez v. Martino et al*
        **Case No.: 23-cv-00193**

Dear Honorable Judge Failla:

This law firm represents Plaintiff Wilburt Perez (the "Plaintiff") in the above-referenced matter.

Pursuant to Your Honor's Individual Practices Rules, this letter respectfully serves to respond to the March 11, 2024 pre-motion conference letter [Dckt. No. 24] (the "Pre-Motion Conference Letter") filed by Defendants Michael J. Martino (the "Individual Defendant") and Jonas Bronck Housing Co. Inc. (the "Corporate Defendant", and together with the Individual Defendant, the "Defendants")

As set forth more fully below, Defendants' contemplated motion to dismiss is doomed to fail given that it seeks to overturn a legion of case law in this Circuit, requiring the completion of discovery before issues of disputed fact can be decided. *See, e.g., Sherman v. City of New York,* 2019 WL 2164081, at *10 (E.D.N.Y. 2019) (denying motion to dismiss under 12(b)(6) as premature, where no discovery had commenced); *Burke v. Dowling*, 944 F. Supp. 1036, 1054 (E.D.N.Y. 1995) (same) ("plaintiffs are entitled to discovery on their claims so long as they have pleaded some minimal factual basis which would entitle them to relief.")

Defendants' requested relief results in the needless incurrence of attorneys' fees that are far better used in resolving a case where Plaintiff has made substantive claims for underpayment. This is especially true, given Defendants have not – and cannot – deny Plaintiff's underlying assertion that Defendants' maintained an illegal business practice of misclassifying their superintendents, including Plaintiff, as salaried employees, to avoid paying legally required overtime wages under the FLSA and NYLL.

## I.    Relevant Factual Background

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and Articles 6 and 19 of the New York State Labor Law ("NYLL"), brought by an individual against his former employers for violations of federal and state wage-and-hour laws.

Defendants own and operate the residential property located at: (i) 230 East 179th St., The Bronx, NY 10457 (the "179th St. Property").

1

Plaintiff was first hired to work for Defendants as a maintenance personnel in January 2000. Plainitff then worked for Defendants as a foreman beginning in January 2010 through and including December 2019.

Between January 2020 through and including June 1, 2022[1], Perez worked at the 179th St. Property as a superintendent.

To accomplish their business goals, Defendants grossly exploited Plaintiff, who worked round-the-clock as a superintendent, (24) hours a day, seven (7) days per week addressing reoccurring emergent issues at Defendants 'Properties. Plaintiff alleges significant wage and hour violations under FLSA and NYLL for, *inter alia*, unpaid minimum wages, overtime compensation, and violations of the notice and record keeping requirements of the New York Wage Theft Prevention Act.

As a superintendent, Plaintiff was required to be on call at or near 179th St. Property, twenty-four (24) hours a day, seven (7) days per week, including holidays to address reoccurring emergent issues, such as lost keys, locked doors, electrical shortages, clogged toilets, leaks, and other issues that either the Defendants or tenants of 179th St. Property would demand that Plaintiff address.

From approximately January 2020 through and including June 1, 2021, Defendants paid Plaintiff a flat salary of $68,000 per year.

The Complaint asserts four (4) Causes of Action against Defendants.

FIRST:     Unpaid overtime wages under the FLSA;

SECOND:   Unpaid overtime wages under the NYLL;

THIRD:    Failure to provide wage notices under the NYLL and Wage Theft Prevention Act; and

FOURTH:   Failure to provide wage statements under the NYLL and Wage Theft Prevention Act.

Turning to the Pre-Motion Conference Letter, Defendants argue that as a superintendent in a residential building, Plaintiff is covered by a unique provision of the New York minimum wage law requiring that a residential janitor be paid a minimum weekly sum per unit of the building he maintains, rather than a minimum hourly wage. N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 141-1.2.

## II.    NYLL's "Janitorial Exemption" Does not Apply Here

The Minimum Wage Order requires that employees in the building service industry, "except a janitor in a residential building," be paid at a rate not less than one and one-half times

---

[1] Paragraph 35 of the Complaint contains a scrivener's error. Plaintiff was employed as a superintendent from January 2000 through and including **June 1, 2022** (not June 1, 2021).

their regular rate of pay for all hours worked in excess of forty hours per week. *Id*. § 141– 1.4. The regulations "do not provide for either minimum wages or overtime wages for 'janitors,' who are instead paid based on the number of units in the building in which they worked."*Koljenovic v. Marx*, 999 F. Supp. 2d 396 , 401 (E.D.N.Y. 2014).

> The Minimum Wage Order defines a "janitor in a residential building" as follows:

> "A janitor is a person employed to render any physical service in connection with the maintenance, care or operation of a residential building. Where there is only one employee, such employee shall be deemed the janitor. Where there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor. ***No building may have more than one janitor***."

*See* 12 N.Y.C.R.R. § 141–3.4 (emphasis added).

Defendants bear the burden of establishing that the janitorial exemption set forth in section 141–3.4 applies to plaintiffs' work. *See Reiseck v. Universal Commc'ns of Miami, Inc*., 591 F.3d 101, 104 (2d Cir.2010) (placing burden on proving FLSA exemption on defendants).

In determining whether an individual has been "designated…as a janitor", Court's employ a multi-factor test, which includes: (i)  whether a plaintiff was the only employee who lived in the building; (ii) the manner in which a plaintiff and other employees were compensated; (iii) whether a plaintiff was listed as a " janitor " or "superintendent" in the employer's official business records; (iv) whether a plaintiff received written notice that he would be compensated as a building janitor; and (v) whether a plaintiff or his employer represented to third parties that plaintiff was the "janitor" or "superintendent." *Almonte v. 437 Morris Park, LLC*, 2015 WL 7460019 (S.D.N.Y. 2015).

As set forth more fully below, these factors weigh against a finding that the janitorial exemption applies to Plaintiff.

### A.  Plaintiff was Not the Only Employee Who Lived at 179th St. Property

When a plaintiff is the only employee living in the building where he works, that factor tips heavily in favor of a finding that the plaintiff is the janitor for the building. *See Koljenovic* , 999 F. Supp. 2d at 401. However, when two or more employees live in the building, the finder of fact must look for other indicia that one of those employees was chosen to be the janitor. *Almonte*, 2015 WL 7460019 at *6.

Plaintiff will testify that during the relevant period, Defendants' employed more than one employee who lived at each of the 179th St. Property. In light of this expected testimony, a reasonable jury could conclude that Plaintiff, and the other employees lived at 179th St. Property as an incident to their joint employment. *See Almonte*, 2015 WL 7460019 at *6 (denying motion for summary judgment on janitorial exemption).

### B. A Reasonable Jury Could Draw Negative Inferences from the Way Plaintiff was Compensated

A second factor that can help a finder of fact determine whether a plaintiff was "designate[d]" as a janitor is the manner in which the plaintiff and other employees were compensated. *See Koljenovic* , 999 F. Supp. 2d at 400. *See* NYCRR tit. 12, § 141-1.2 (providing that a janitor may be compensated with a flat weekly salary based on the number of units in the janitor's building). In the same vein, when an employer pays a plaintiff a flat weekly wage, but provides appropriate overtime compensation for its other employees, that will constitute strong evidence that the plaintiff has been designated as the janitor . *See id.* § 141-1.4 (providing that any employee "except a janitor in a residential building" must be paid "overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in a workweek"). *Almonte*, 2015 WL 7460019 at *7.

By contrast, if an employer pays multiple employees a flat weekly rate, there is less reason to believe that the employer has made a pre-litigation choice to treat one employee (the janitor) differently from the others. *Id.* Particularly when an employer pays multiple employees a flat weekly salary that is less than the amount they would earn if they were paid by the hour, the finder of fact may conclude that the employer has been "compensating several employees at the reduced ' janitor ' rate and then using after-the-fact designations to ward off subsequent wage and overtime claims." *Koljenovic* , 999 F. Supp. 2d at 401 .

Defendants' superintendents (including Plaintiff) were always compensated with a flat, salary, regardless of how many hours they worked. Here, from approximately January 2020 through and including June 1, 2021, Defendants paid Plaintiff a flat salary of $68,000 per year.

This amount is less than what he would have earned if Plaintiff worked by the hour, and less than what Plaintiff would have earned pursuant to the per-unit-computation contained in NYCRR tit. 12, § 141-1.2.

Plaintiff was being compensated at a rate of pay, less than what they would have earned if they worked by the hour, and less than what they would have earned pursuant to the per-unit-computation contained in NYCRR tit. 12, § 141-1.2. This evidence suggests that Defendants did not make "a clear, pre-litigation choice to treat [Plaintiff] as the **sole janitor**" for 179th St. Property. *Koljenovic* , 999 F. Supp. 2d at 401 (emphasis added).

### C. A Reasonable Jury Could Conclude That Plaintiff Was Not Listed as the "Janitor "or "Superintendent" in Defendants' Official Business Records

Pursuant to the Court's June 22, 2023 Mediation Referral Order [Dckt. No. 18], Defendants were ordered to produce the following documents on or before July 20, 2023:

1. Any existing documents that describe Plaintiff's duties and responsibilities.

2. Any existing records of wages paid to and hours worked by the Plaintiff (*e.g.*, payroll records, time sheets, work schedules, wage statements and wage notices).

3. Any existing documents describing compensation policies or practices.

4. If the personal liability of any individual Defendant is disputed (e.g., Defendant was not an owner or manager), documentary evidence to support this position

5. Proof of financial condition including tax records, business records, or other documents demonstrating their financial status – assuming Defendants intend to assert an inability to pay.

Of critical importance, Defendants have not produced **any** documents that list Plaintiff as the **sole** "janitor" or "superintendent" in Defendants' official business records.

The Building Service Order requires every building service employer to "establish, maintain and preserve for not less than six years, payroll records which shall show for each employee: [i] name and address;[ii] apartment number if allowance for apartment is claimed; [iii] social security number; [iv] occupational classification (resident janitor , nonresident janitor , "all other" workers) and wage rate ; [and] [v] for janitors in residential buildings: (i) number of units in building [.]" N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.1.

A failure to maintain business records indicating the title and method of compensation for each employee will militate against a finding that an employer designated a particular individual as the janitor. *Almonte*, 2015 WL 7460019 at *8.

### D.  Plaintiff's Duties and Responsibilities were Non-Janitorial in Nature

As a superintendent, Plaintiff's responsibilities included, *inter alia*:  collecting garbage and recycling, hauling refuse bins to and from the curb, sweeping the sidewalk, cleaning the buildings' hallways and common areas, changing lightbulbs, maintaining the buildings' appearance, communicating with tenants regarding repairs, painting, plumbing, purchasing supplies, repairing bathroom faucets and fixtures, repairing kitchen faucets and fixtures, repairing appliances, communicating with contractors and other building employees, shoveling snow, and generally serving as the first point of contact for resident service requests.

In addition to these duties and responsibilities, Plainitff was also responsible for: (i) elevator repairs; (ii) performing security details (particularly in the evenings); (iii) managing disgruntled tenants' behavioral issues; (iv) policing residents (*i.e.,* evicting tenants and non-resident occupants from hallways and common areas); (v) and performing work for the Individual Defendant's son in Connecticut.

### E.  There Is No Clear Evidence Regarding Any Written Notice Plaintiff May Have Received Regarding His Compensation

The Building Service Order provides that all building service employers "shall furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages. ***In the case of janitors, the number of units shall be recorded in the place of hours worked*.**"

5

NYCRR. tit. 12, § 141-2.2 (emphases added).

Defendants have failed to produce *any* records, including, *inter alia*: (i) any existing records of hours worked by the Plaintiff (*e.g.*, time sheets, or work schedules); (ii) a time of hire notice, pursuant to NYLL § 195; or (iii) weekly wage statements, pursuant to NYLL § 198 – conclusively demonstrate that Plaintiff never received written notification that his compensation would depend on the number of units at 179th St. Property.

### III.     Legal Analysis

### A.  Legal Standard on a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6)

"'Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself.'" *Sherman*, 2019 WL 2164081 at *3 (citing *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)). "In limited circumstances, a court can consider materials outside of the pleadings, including 'documents incorporated by reference in the complaint'" and documents which are deemed 'integral' to the complaint because the complaint 'relies heavily upon [their] terms and effect.'" *Id.* (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)).

### IV.     Defendants' Contemplated Motion to Dismiss is a Tremendous Waste of Time, and Resources

At bottom, Defendants do not – and cannot – seriously dispute that the contemplated motion to dismiss will not defeat Plaintiff's claim for unpaid overtime under the FLSA.[2]

Defendants stand to gain nothing by engaging in costly, piecemeal litigation.

### V.     Conclusion

Accordingly, for the reasons set forth above, Defendants' contemplated motion is procedurally and technically infirm.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

---

[2] *See, e.g., Calderon v. Mullarkey Realty, LLC*, 2018 WL 2871834 (E.D.N.Y. 2018).

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:  */s/ Jason Mizrahi*_____
    Jason Mizrahi
    60 East 42nd Street, Suite 4700
    New York, NY 10165
    Tel. No.:  (212) 792-0048
    Email: Jason@levinepstein.com
    *Attorneys for Plaintiff*

VIA ECF: All Counsel


The Court is in receipt of Plaintiff's pre-IPTC letter and proposed case management plan (Dkt. #21); Defendants' letter requesting an extension of the deadline for the parties to submit a joint case management plan in view of Defendants' anticipated filing of a letter request for a pre-motion conference (Dkt. #22); Plaintiff's opposition to Defendants' request (Dkt. #23); and Defendants' further reply (Dkt. #25).

The Court is also in receipt of Defendants' letter request for a pre-motion conference in anticipation of filing a motion for judgment on the pleadings pursuant to FRCP Rule 12(c) or, in the alternative, for summary judgment pursuant to FRCP Rules 12(d) and 56 (Dkt. #24), as well as Plaintiff's above response (Dkt. #26).

The parties should be prepared to discuss all issues raised in the aforementioned submissions at the Court's **March 15, 2024** conference.

The Clerk of Court is directed to terminate the pending motions at docket entries 22 and 24.


Dated:    March 12, 2024        SO ORDERED.
        New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE