UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

WILBURT PEREZ, on behalf of himself and others similarly situated in the proposed FLSA Collective Action,

                      Plaintiff,

    - against -

MICHAEL J. MARTINO and JONAS BRONCK HOUSING CO., INC.,

                      Defendants.

-------------------------------------------------------------------------x

Case No: 23-cv-00193

**AFFIDAVIT**

STATE OF NEW YORK   )
COUNTY OF NEW YORK  ) ss:

      **MICHAEL J. MARTINO, SR.** being duly sworn, deposes and says:

1. I am the owner of Martino Real Estate, LLC.

2. I submit this affidavit in support of the Defendants' Motion for Summary Judgment.

3. Jonas Bronck is a domestic corporation formed under the Private Finance Housing Law to provide rental accommodations for seniors over the age of 62 with the sole place of business at 230 East 179th Street, Bronx, New York 10456 (referred to herein as "179th Street").

4. During the time relevant to this Action, Martino Real Estate, LLC provided management services to Defendant Jonas Bronck Housing Co., Inc., and, as such, am fully familiar with the employment relationship between Jonas Bronck and the Plaintiff, Wilburt Perez, in this action.

5. Martino Real Estate, LLC never employed Mr. Perez, and did not have control over his terms and conditions of employment.

6. Plaintiff, Wilbert Perez ("Plaintiff" or "Mr. Perez") was hired by Jonas Bronck in or around November 2001.

7. While employed by Jonas Bronck, Mr. Perez was provided with notices using the model Wage Theft Prevention Act form each time his wage rate changed. A copy of the notices from 2013 through 2022 are attached as **Exhibit 1**.

8. In addition, all employees were provided access to pay statements outlining wage rates, tax withholdings, and other deductions.

9. Until February of 2020, Mr. Perez was required to track his time worked and he was paid on an hourly basis, including time and one half for time spent working in excess 40 hours in a week.

10. In January of 2020, Jonas Bronck and Mr. Perez entered into an agreement to designate Mr. Perez as the Superintendent of 179th Street, and he officially began working in that capacity in February of 2020, after his father retired from that role. A copy of the Agreement is attached as **Exhibit 2**.

11. Pursuant to the Agreement, Mr. Perez was paid an annualized salary of $68,000, paid out on a weekly basis in the amount of $1,307.69 per week.

12. On February 3, 2020, Mr. Perez was provided a WTPA notice informing him that he would be paid $1,307.69 per week, and that he was considered exempt based on the contract designating him as the Superintendent. See Ex. 1, p. 3.

13. The Agreement also explains that Mr. Perez would be granted rent-free occupancy of the Superintendent's Unit, apartment number 1D, as a condition of his employment. Ex. 2, ¶(3)(j).

14. While employed as the Superintendent, Mr. Perez was the only employee who was provided with a free apartment at 179th Street.

15. Mr. Perez was the only Superintendent at 179th Street, and he was the only maintenance employee that was not paid on an hourly basis.

16. Only one other employee working at 179th Street was paid on a salary basis while Mr. Perez was the Superintendent, but she was an exempt administrative professional, not a maintenance employee. A copy of payroll records for employees working at 179th Street from 2020 through 2021 are attached as **Exhibit 3.**

17. Mr. Perez regularly engaged in personal activities on and off the premises, and he was even permitted to run a judo school out of the building.

18. On June 1, 2022, Jonas Bronck terminated Mr. Perez's employment, and his right to occupy the Superintendent's Unit ceased.

19. Jonas Bronck has filed an action against Mr. Perez, in which a stipulation was executed giving Mr. Perez until May 31, 2024 to vacate the Superintendent's Unit. A copy of the stipulation is attached as **Exhibit 4.**

20. To this date, Mr. Perez is still unlawfully occupying the Superintedent's Unit without paying rent, and he refuses to vacate.

21. For the foregoing reasons, and those set forth in the accompanying memorandum of law, I respectfully request that the Court grants the Defendants' Motion for Summary Judgment.

_____
MICHAEL J. MARTINO, SR.

Sworn to before me this
27 day of September 2024.

_____
Notary Public

CATHERINE VILLANO
Notary Public - State of New York
NO. 01VI6228066
Qualified in Suffolk County
My Commission Expires Sep 13, 2026

HARRIS BEACH PLLC
ATTORNEYS AT LAW

3