FILED: BRONX CIVIL COURT - L&T 04/30/2024 04:05 PM INDEX NO. LT-322403-22/BX [HO]
NYSCEF DOC. NO. 64 RECEIVED NYSCEF: 04/30/2024

Case 1:23-cv-00193-KPF    Document 50-9    Filed 09/27/24    Page 1 of 4

**DAVID SMITH**
CITY MARSHAL # 30
One Cross Island Plaza
Rosedale, NY 11422
Phone: 718/978-8070
Fax: 718/978-6719

## WARRANT REQUISITION

**COUNTY** BRONX

**INDEX#** 322403/22

**MARSHAL'S DOCKET #** 20936

**PETITIONER(S)**
JONAS BRONCK HSING CO INC.

**RESPONDENT(S)**
WILBURT PEREZ
JACKIE TORRES

**ADDRESS**
ALL ROOMS
230 E. 179TH STREET
APT. 1D
BRONX, NY 10457

N/P ___   H/O _X_   A/T _X_   DEF ___   RES _X_   COM ___

**COMMENTS:**

DATE: April 26, 2024

DAVID SMITH
BADGE # 30

12850-230E-1D                826348

1 of 4

CLERK OF CIVIL COURT OF THE CITY OF NEW YORK

COUNTY OF: BRONX

JONAS BRONCK HSING CO INC.

          LANDLORD

INDEX NO: 322403/22

- AGAINST -

WILBURT PEREZ
JACKIE TORRES

          TENANTS

YOU ARE HEREBY REQUESTED TO SUBMIT THE PAPERS IN THE ABOVE-ENTITLED PROCEEDING TO THE JUDGE FOR FINAL ORDER.

Dated: 04/26/2024

Signed, _____
PHILIP ROSEN
ATTORNEY FOR THE PETITIONER

JONAS BRONCK HSING CO INC.

    - against -

WILBURT PEREZ
JACKIE TORRES

230 E. 179TH STREET APT. 1D (ALL ROOMS)
BRONX, NY 10457

12850 -230E-1D           826348

FILED: BRONX CIVIL COURT - L&T 04/30/2024 04:05 PM INDEX NO. LT-322403-22/BX [HO]
NYSCEF DOC. NO. 63 RECEIVED NYSCEF: 04/30/2024

Case 1:23-cv-00193-KPF    Document 50-9    Filed 09/27/24    Page 3 of 4

NYSCEF DOC. NO. 63 RECEIVED NYSCEF: 04/25/2024

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: HOUSING PART T
----------------------------------------X
JONAS BRONCK HSG CO INC.,
                Petitioner-Landlord,

  - against -

WILBURT PEREZ and JACKIE TORRES,
                Respondents-Occupants.
Premises:    230 East 179th Street, Apt. 1D
                 Bronx, NY 10457
----------------------------------------X

Index No. L&T 322403/22

**TWO ATTORNEY STIPULATION OF SETTLEMENT**

So ordered
(NSM)
Hon. Maletha M. Scott-McLaughlin
4/25/24

Both parties agree to settle this superintendent holdover proceeding as follows:

1. Respondents consent to the jurisdiction of the Court and acknowledge service of the Notice of Petition and Petition.
2. Case discontinued against "Jane Doe 1", "John Doe 2" and "Jane Doe 2" as Respondents state that they are the only occupants over 18 years-old residing in the subject premises.
3. Final judgment of possession is hereby entered in favor of Petitioner and against Respondents.
4. Warrant shall issue forthwith.
5. Execution of warrant of eviction is hereby stayed through ~~April 30, 2024~~ May 31, 2024 for Respondents to vacate subject premises, leave premises in broom-clean condition, free of all occupants and tender the keys to Petitioner. Respondents must surrender keys to the subject apartment, any keys they currently possess for any other apartments within the building, and the remote to the parking gate. Petitioner to give dated receipt for keys and remote.
6. Respondents shall not remove any fixtures (i.e., stove, refrigerator) from the subject premises. Any items remaining after vacating shall be deemed abandoned and may be disposed of by Petitioner without liability.
7. Respondents shall not give any 3rd party any rights to possession to the subject premises.
8. Upon default in failing to timely vacate the subject premises by ~~April 30~~ May 31, 2024, the warrant shall execute after service of Marshal's notice.
9. Additionally, if Respondents fail to timely vacate by ~~April 30~~ May 31, 2024, Petitioner may seek the fair-value use & occupancy of the subject premises at an amount to be determined by the Court. Respondents reserve all defenses.
10. The earliest date of execution of the warrant of eviction is ~~May~~ June 1, 2024.
11. As this is a not-for-profit housing for senior citizens and to ensure the safety of other tenants in the building, Respondents must abide by the following rules in regards to removing belongings from the subject premises:
    a. Respondents may only move out belongings from Monday through Thursday between the hours of 9:00 a.m. to 12:00 p.m. and from 1:00 p.m. to 3:00 p.m.;
    b. Respondents shall only move belongings through the basement and shall not move any belongings through the lobby of the building; and
    c. Respondents will be given access to the freight elevator to remove belongings during the move-out times referenced above;
12. Respondents, Wilburt Perez & Jackie Torres, shall be given limited supervised access to the basement storage on May 2, 2024 from 9:00 a.m. to 11:00 a.m. to remove only Respondent's personal belongings. Any items that are the property of Petitioner shall not be removed.

13. Respondents must remove the trailer from the parking spot on 179th street and the vehicle from the parking spot on 178th street by ~~April 30~~ May 31, 2024. If the trailer or any vehicles remain in these parking spots after vacating, they will be deemed abandoned and may be removed by Petitioner without liability.
14. This stipulation shall be deemed to have been drafted by both parties for the purposes of construing that it shall be deemed not ambiguous and may be filed ex parte.
15. Facsimile and electronic signatures shall be deemed as originals.
16. This stipulation is final and binding and cannot be extended beyond 5/31/24 for any reason.

Dated: ~~February~~ April 25, 2024

_Horing Welikson Rosen & Digrugilliers PC_
By: Jeffrey M. Hulbert, Esq.
11 Hillside Ave.
Williston Park, NY 11596
jhulbert@hwrpc.com
*Attorneys for Petitioner*

_Mobilization for Justice, Inc._
By: ~~Matthew Boyd~~ Rochelle R. Watson, Esq.
100 William Street, 6th Floor
New York, NY 10038
mboyd@mfjlegal.org
*Attorneys for Respondents*