**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

Wilburt Perez, *on behalf of himself and others*
*similarly situated in the proposed FLSA*
*Collective Action,*

                                 *Plaintiff,*

                - *against* -

Michael J. Martino, and Jonas Bronck Housing
Co. Inc.,

                             *Defendants.*

-------------------------------------------------------------X

Case No.: 22-cv-00193

Hon. Katherine Polk Failla,
U.S.D.J.

 

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S**
**CROSS-MOTION TO PRECLUDE UNDER FED.R.CIV.P. 16, 26 AND 37**

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
*Attorneys for Plaintiffs*

Dated: New York, New York
       October 18, 2024

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..............................................................................................iii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS................................................................................................. 3

LEGAL STANDARD ....................................................................................................... 4

   I.  Legal Standard for Precluding Evidence Under Fed.R.Civ.P. 16(f) ................................... 4

   II.  Legal Standard for Precluding Evidence Under Fed.R.Civ.P. 26 and 37 ........................... 4

   III. Legal Standard for Summary Judgment Under Fed.R.Civ.P. 56 ......................................... 5

   IV. Legal Standard for the Admissibility of Evidence Under Fed.R.Civ.P. 56 ........................ 6

ARGUMENT...................................................................................................................... 7

   I.  The Court Should Preclude Defendants From Relying on Documents Disclosed in Violation of Fed.R.Civ.P. 16(f), 26(a), and 37 ................................................................. 7

      A.  Sanctions are Warranted Under Fed.R.Civ.P. 16(f)............................................................. 7

        i.  Defendants Violated the Court's June 22, 2024 Mediation Referral Order ................ 7

        ii.  Defendants Violated the Court's July 16, 2024 Order.................................................. 8

        iii. Defendants' August 16, 2024 26-Page Document Production .................................... 8

        iv. Defendants' September 27, 2024 251-Page Document Production............................. 9

        v.  Defendants Should be Precluded from Relying Upon the Newly Introduced Evidence Under Fed.R.Civ.P. 16(f) ........................................................................... 9

      B.  Sanctions are Warranted Under Fed.R.Civ.P. 26(a) and 37.......................................... 10

   II.  The Court Should Respectfully Decline to Consider the Conclusory Assertions in Defendants' Memorandum of Law................................................................................. 10

**III. Genuine Disputes of Material Fact Exist Regarding Plaintiff's Designation as the Resident Janitor of the Jonas Bronck Apartments** ...................................................... 11

    A.   Material Facts Remain in Dispute as to Whether Plaintiff Was the Only "Employee" Who Lived in the Jonas Bronck Apartments ................................................................ 13

    B.   Material Facts Remain in Dispute as to the Way Plaintiff and Other Employees Were Compensated ................................................................................................................. 14

    C.   Material Facts Remain in Dispute as to Plaintiff's Designation on Defendants' Official Business Records ........................................................................................................... 15

    D.   Material Facts Remain in Dispute as to Whether Plaintiff was Provided Proper Written Notice Regarding his Compensation ............................................................................... 16

    E.   Material Facts Remain in Dispute as to the Number of Employees that Referred to Themselves as "Superintendents" ................................................................................... 17

  V.   In Any Event, Plaintiff Must Still be Compensated for Work Performed at Defendants' Other Properties ............................................................................................................... 18

  VI.  29 C.F.R. § 785.23 Does Not Foreclose Plaintiff From Recovering Unpaid Overtime Under the FLSA ............................................................................................................... 19

**IV. Genuine Disputes of Material Fact Exist Regarding Plaintiff's Wage Notices and Wage Statements** ........................................................................................................... 21

**V.  The Court Should Exercise Supplemental Jurisdiction Over Plaintiff's NYLL Claims** ................................................................................................................... 21

**CONCLUSION** ............................................................................................................... **23**

## TABLE OF AUTHORITIES

### Cases

*ABKCO Music & Records, Inc. v Coda Publ., Ltd.*,
    2022 WL 4536820 (S.D.N.Y. 2022) ............................................................ 4, 5

*Ali v. Dainese USA, Inc.*,
    577 F. Supp. 3d 205 (S.D.N.Y. 2021) ........................................................ 4, 7

*Almonte v. 437 Morris Park, LLC*,
    2015 WL 7460019 (S.D.N.Y. 2015) ...................................................... *passim*

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ........................................................................................ 5

*Barrentine v. Arkansas-Best Freight Sys., Inc.*,
    450 U.S. 728 (1981) ...................................................................................... 20

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004) ......................................................................... 22

*Brigham v. Eugene Water & Elec. Bd.*,
    357 F.3d 931 (9th Cir. 2004) ....................................................................... 19

*Calabrese v. CSC Holdings, Inc.*,
    2009 WL 425879 (E.D.N.Y. 2009) .............................................................. 11

*Calderon v. Mullarkey Realty, LLC*,
    2018 WL 2871834 (E.D.N.Y. 2018) ............................................................ 19

*CILP Assoc., L.P. v PriceWaterhouse Coopers LLP*,
    735 F.3d 114 (2d Cir. 2013) ........................................................................... 7

*Garofolo v. Donald B. Heslep Assoc., Inc.*,
    405 F.3d 194 (4th Cir. 2005) ....................................................................... 20

*Gesualdi v. J.H. Reid, Gen. Contractor*,
    2017 WL 752157 (E.D.N.Y. 2017) .............................................................. 11

*Holtz v. Rockefeller & Co.*,
    258 F.3d 62 (2d Cir. 2001) ........................................................................... 11

*Jones v. Ford Motor Credit Co.*,
    358 F.3d 205 (2d Cir. 2004).........................................................................23

*Kee v. City of New York*,
    12 F.4th 150 (2d Cir. 2021) ..........................................................................6

*Kennedy v. Arias*,
    2017 WL 2895901 (S.D.N.Y. 2017)............................................................10

*Koljenovic v. Marx*,
    999 F. Supp. 2d 396 (E.D.N.Y. 2014). ........................................................19

*Leever v. City of Carson*,
    360 F.3d 1014 (9th Cir. 2004) .....................................................................20

*Mendez v. MCSS Rest. Corp.*,
    564 F. Supp. 3d 195 (E.D.N.Y. 2021) ...........................................................1

*Moon v. Kwon*,
    248 F. Supp. 2d 201 (S.D.N.Y. 2002)..........................................................21

*Quintero v. Anjudiromi Constr. Corp.*,
    2018 WL 1027716 (S.D.N.Y. 2018).............................................................12

*S. Katzman Produce Inc. v. Yadid*,
    999 F.3d 867 (2d Cir. 2021).........................................................................6

*Salustio v. 106 Columbia Deli Corp.*,
    264 F. Supp 3d 540 (S.D.N.Y. 2017)...........................................................23

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*,
    659 F.3d 234 (2d Cir. 2011).........................................................................22

*Shala v. Ocean Condominiums*,
    2024 WL 4334900 (E.D.N.Y. 2024)............................................................13

*Spotnana, Inc. v. Am. Talent Agency, Inc.*,
    2010 WL 3341837 (S.D.N.Y. 2010).............................................................10

*Vasquez v. Victor's Cafe 52nd St., Inc.*,
    2019 WL 4688698 (S.D.N.Y. 2019)..............................................................6

*Vermont Teddy Bear Co. v. 1-800 Beargram Co.*,
   373 F.3d 241 (2d Cir. 2004)................................................................................ 5

**Statutes**

12 NYCRR § 141–3.2(a) ...................................................................................... 13

12 NYCRR § 141–3.4 .......................................................................................... 12

28 U.S.C. § 1367(a) ............................................................................................. 22

29 C.F.R. § 785.23 ............................................................................................... 19

Fed.R.Civ.P. 26(a)(1)(A)(ii) ................................................................................. 4

Fed.R.Civ.P. 37(c)(1) ............................................................................................ 5

Fed.R.Civ.P. 56(c)(1) ............................................................................................ 6

Fed.R.Civ.P. 56(c)(4) ............................................................................................ 7

**Other Authorities**

Hon. Katherine Polk Failla's Individual Motion Practice Rule 5(C).......................... 11

Plaintiff Wilburt Perez ("Perez", or the "Plaintiff") by and through the undersigned counsel, respectfully submits this Memorandum of Law, together with the declaration of Jason Mizrahi, Esq. (the "Mizrahi Decl."), and the exhibit annexed thereto, the affidavit of Wilburt Perez (the "W. Perez Aff."), the affidavit of Wilbert Owen Perez (the "O. Perez Aff."), the affidavit of Jackie Torres, and the exhibit annexed thereto (the "J. Torres Aff."), and Plaintiff's counter-statement of undisputed facts pursuant to Local Civil Rule ("LCR") 56.1(b) of the United States District Courts for the Southern and Eastern Districts of New York ("Pl.'s 56.1"), in opposition to the motion for summary judgment, pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 56(c) (the "Motion for Summary Judgment"), filed by Defendants Michael J. Martino ("Mr. Martino") and Jonas Bronck Housing Co. Inc. (the "Corporate Defendant", or "Jonas Bronck Housing Co." and together with Mr. Martino, the "Defendants"), and in support of Plaintiff's cross-motion to preclude, pursuant to Fed.R.Civ.P. 16(f), 26, and 37 (the "Cross-Motion to Preclude"), and as grounds thereto respectfully states as follows:

## PRELIMINARY STATEMENT

Defendants' Motion for Summary Judgment is doomed to fail given that Defendants have not – and cannot – satisfy their initial burden of "demonstrating the absence of a genuine issue of material fact"[1] as to whether the janitorial exemption set forth in 12 NYCRR § 141–3.4 (the "Building Service Order") applies to Plaintiff's work. The failure to demonstrate the absence of a genuine issue of material fact has resulted in the denial of a motion for summary judgment, in a nearly identical wage-and-hour action before this Court, captioned *Almonte v. 437 Morris Park, LLC*, Case No. 14-5951-KPF, (S.D.N.Y. 2015). In *Almonte*, the defendants filed a motion for summary judgment, arguing that, *inter alia*, the plaintiff had been designated as a janitor, and was

---

[1] *See Mendez v. MCSS Rest. Corp.*, 564 F. Supp. 3d 195, 204 (E.D.N.Y. 2021) (citations and quotations omitted).

thus, exempt from the minimum wage or overtime requirements of the NYLL. *Almonte*, 2015 WL 7460019 at *4. The Court applied a multi-factor test to assist in determining whether a reasonable jury would necessarily find that an employee was designated as the janitor of a unit. *Id*. In denying the defendants' motion, the Court concluded that material issues of fact remained as to: (i) whether plaintiff was not the only employee who lived at the property; (ii) the way plaintiff and other employees were compensated; (iii) plaintiff's designation as the sole "janitor" or "superintendent" in defendants' official business records; (iv)whether plaintiff received the statutorily prescribed written notice regarding his compensation; and (v) whether more than one employee referred to themselves as "superintendents". *Id.* Ultimately, the Court determined that even if it could resolve the janitorial designation issue as a matter of law (which it could not), plaintiff could still maintain minimum wage and overtime claims for work performed at other locations. *Id*. at *10. It is respectfully submitted that this Court deny the Motion for Summary Judgment on the same grounds as in the *Almonte* action, due to the existence of material issues of fact.

At bottom, Defendants cannot seriously argue that the Motion for Summary Judgment will defeat: (i) Plaintiff's First Cause of Action for unpaid overtime under the FLSA; and (ii) Plaintiff's Second Cause of Action for unpaid overtime under the NYLL, pertaining to the performance of work performed at Defendants' other properties. Thus, the instant Motion for Summary Judgment is a tremendous waste of time, and resources. Defendants stand to gain nothing by engaging in costly, piecemeal litigation.

Presumably aware of the weakness of their claims, Defendants are seeking to introduce 241-pages of never-before-seen exhibits to their Motion for Summary Judgment. These exhibits include: (i) 19-pages of purported time-of-hire notices [Dckt. No. 50-1]; and (ii) 222-pages of purported payroll records [Dckt. Nos. 50-3 – 50-8]. It is elementary that these newly introduced

exhibits are not properly before the Court, and cannot be considered. As set forth more fully below, the Court should preclude Defendants from relying on the 241-pages of new exhibits pursuant to Fed.R.Civ.P. 16(f), 26(a) and 37.

As set forth more fully below, Defendants' Motion for Summary Judgment should be denied in its entirety, and Plaintiff's Cross-Motion to Preclude be granted in its entirety.

## STATEMENT OF FACTS

Defendants own and operate the residential property complex located at 230 East 179th St., The Bronx, NY 10457 (the "Jonas Bronck Apartments"). [Pl.'s 56.1 at ¶ 1]. The Jonas Bronck Apartments were formulated as a low income, not-for-profit, senior citizen housing complex. [*Id.*]. Between January 2020 through and including June 1, 2022, Perez worked at the 179th St. Property as a superintendent. [*Id.* at ¶¶ 5, 10, 17].

As a superintendent, Plaintiff was required to be on call at or near 179th St. Property, twenty-four (24) hours a day, seven (7) days per week, including holidays to address reoccurring emergent issues, such as lost keys, locked doors, electrical shortages, clogged toilets, leaks, and other issues that either the Defendants or tenants of 179th St. Property would demand that Plaintiff address. [*Id.* at ¶¶ 2, 11, 19]. In addition to Plaintiff's responsibilities as a superintendent at the Jonas Bronck Apartments, Defendants also required Plaintiff to perform work at: (i) Mr. Martino's personal residence, located at 17 Triangle Pl. Tuckahoe, NY 10707; and various other properties and apartment complexes that Mr. Martino either owned, or provided management services for, located in: (ii) 81 Fox Run, South Salem, NY 10590; (iii) 50 Columbus Ave., Tuckahoe, NY 10707; (iv) 136 Benefield Blvd., Peekskill, NY 10566; and (v) Yonkers, NY. [*Id.*]. At these other locations, Plaintiff performed general maintenance and renovations, including repairs to the properties' plumbing, electrical, gas, heating and sewage systems. [*Id.*]. On multiple occasions, and other employees working at the Jonas Bronck Apartments, were also required to help move

3

Mr. Martino's daughter out from the apartment complex located at 50 Columbus Ave., Tuckahoe, NY 10707, to Mr. Martino's personal residence, located at 17 Triangle Pl. Tuckahoe, NY 10707. [*Id*.]. Plaintiff was not compensated for any of this work. [*Id*.].

During the relevant period, Defendants also employed Plaintiff's son, Wilbert Owen Perez, Jr. ("Owen Perez"), as a superintendent, maintenance personnel, and porter at the Jonas Bronck Apartments. [*Id*. at ¶¶ 5, 10, 17]. During the relevant period, Defendants also employed Jackie Torres as a maintenance personnel, building support specialist, and resident services assistant. [*Id*.]. Owen Perez and Jackie Torres also resided in the Building, as an incident to their joint employment in the Jonas Bronck Apartments. [*Id*. at ¶¶ 15, 16]. During the relevant period, Owen Perez was also performing maintenance, superintendent and janitorial services, in exchange for a flat salary.

## **LEGAL STANDARD**

### I.    **Legal Standard for Precluding Evidence Under Fed.R.Civ.P. 16(f)**

Fed.R.Civ.P. 16 provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney... fails to obey a scheduling or other pretrial order." *Ali v. Dainese USA, Inc*., 577 F. Supp. 3d 205, 218 (S.D.N.Y. 2021) (citing Fed. R. Civ. P. 16(f)(1)(C)).

### II.    **Legal Standard for Precluding Evidence Under Fed.R.Civ.P. 26 and 37**

Pursuant to Fed.R.Civ.P. 26, parties are required to disclose, "without awaiting a discovery request…all documents…the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed.R.Civ.P. 26(a)(1)(A)(ii). "When a party fails to meet their Rule 26 disclosure obligations, the court may impose sanctions under Rule 37." *ABKCO Music & Records, Inc. v Coda Publ., Ltd*., 2022 WL 4536820, at *4 (S.D.N.Y. 2022). Rule 37(c)(1) provides that, "[i]f a party fails to provide

4

information…as required by Rule 26(a)…, the party is not allowed to use that information…to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The Rule further provides that, "[i]n addition to or instead of this sanction," the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure"; "may inform the jury of the party's failure"; and "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Id*. Rule 37(b)(2)(A)(i)-(vi), in turn, lists a range of available sanctions, from staying further proceedings until the order is obeyed to rendering a default judgment against a party.

In determining whether preclusion or another sanction is appropriate, courts in the Second Circuit consider "[i] the party's explanation for the failure to comply with the [disclosure requirement]; [ii] the importance of the ... precluded [evidence]; [iii] the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and [iv] the possibility of a continuance." *ABKCO Music & Records, Inc*, 2022 WL 4536820 at *4  (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)).

### III.    Legal Standard for Summary Judgment Under Fed.R.Civ.P. 56

Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Thus, there is no genuine issue as to any material fact when no reasonable jury could return a verdict for the nonmoving party. *See id.*; *accord Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). The movant has the burden of demonstrating that no genuine issue of material fact exists. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

5

"The function of the district court in considering [a] motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kee v. City of New York*, 12 F.4th 150, 166–67 (2d Cir. 2021) (internal quotation marks and citation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021) (internal citation omitted).

Additionally, in considering a summary judgment motion, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Vasquez v. Victor's Cafe 52nd St., Inc*., 2019 WL 4688698 (S.D.N.Y. 2019) (citations omitted). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied. *Id.* (citing *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002)).

## IV.    Legal Standard for the Admissibility of Evidence Under Fed.R.Civ.P. 56

Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment. *Vasquez*, 2019 WL 4688698. Rule 56(c) provides that, in moving for summary judgment or responding to such a motion, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by…citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1). Rule 56(c) further specifies that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to

testify on the matters stated." Fed.R.Civ.P. 56(c)(4). To that end, "[t]he District Court is not required to scour the record on its own in a search for evidence when [a party] fail[s] to present it." *CILP Assoc., L.P. v PriceWaterhouse Coopers LLP*, 735 F.3d 114, 125 (2d Cir. 2013).

## ARGUMENT

### I. The Court Should Preclude Defendants From Relying on Documents Disclosed in Violation of Fed.R.Civ.P. 16(f), 26(a), and 37

In blatant violation of the rules governing the discovery disclosures, Defendants have attached 241-pages of never-before-seen exhibits, which include: (i) 19-pages of purported time-of-hire notices [Dckt. No. 50-1]; and (ii) 222-pages of purported payroll records [Dckt. Nos. 50-3 – 50-8], to their Motion for Summary Judgment. It is elementary that these newly introduced exhibits are not properly before the Court, and cannot be considered. As set forth more fully below, the Court should preclude Defendants from relying on the 241-pages of new exhibits pursuant to Fed.R.Civ.P. 16(f), 26(a)and 37.

### A.  Sanctions are Warranted Under Fed.R.Civ.P. 16(f)

Before a court may sanction a party under Rule 16, it must find that the party "fail[ed] to obey a scheduling or other pretrial order." *Dainese USA, Inc*., 577 F. Supp. 3d at 219 (citing Fed.R.Civ.P. 16(f)(1)(C)). Here, sanctions are justified under Fed.R.Civ.P. 16(f) for Defendants' violation of: (i) the Court's June 22, 2024 Mediation Referral Order [Dckt. No. 18]; and (ii) July 16, 2024 Order [Dckt. No. 40].

### i.    Defendants Violated the Court's June 22, 2024 Mediation Referral Order

Pursuant to the Court's June 22, 2023 Mediation Referral Order [Dckt. No. 18], Defendants were ordered to produce the following documents on or before July 20, 2023:

1.  Any existing documents that describe Plaintiff's duties and responsibilities;

2.  Any existing records of wages paid to and hours worked by the Plaintiff (*e.g.*, payroll records, time sheets, work schedules, wage statements and wage notices);

3. Any existing documents describing compensation policies or practices;

4. If the personal liability of any individual Defendant is disputed, documentary evidence to support this position; and

5. Proof of financial condition including tax records, business records, or other documents demonstrating their financial status – assuming Defendants intend to assert an inability to pay.

[Dckt. No. 18]. Defendants did not produce *any* documents by July 20, 2023. [Pl.'s 56.1 at ¶¶ 6, 13].

### ii.    Defendants Violated the Court's July 16, 2024 Order

Pursuant to the Court's July 16, 2024 Order [Dckt. No. 40]:

1. Defendants were ordered to exchange Fed.R.Civ.P. 26(a) initial disclosures, on or before August 2, 2024;

2. All discovery was scheduled to close on August 30, 2024; and

3. Defendants' motion for summary judgment was due to be filed on or before September 20, 2024.

[Dckt. No. 40]. Defendants did not exchange *any* initial disclosures on or before August 2, 2024. [Pl.'s 56.1 at ¶¶ 6, 13].

### iii.    Defendants' August 16, 2024 26-Page Document Production

Via email on Friday, August 16, 2024 at 10:14 a.m., counsel for Defendants, Keith M. Corbett, emailed the undersigned a .pdf consisting of:

1. A six (6) page document, purportedly consisting of an "Employment Agreement" between Jonas Bronck Housing Co. and Plaintiff; and

2. 18-pages of heavily redacted, undated, payroll records.

[Pl.'s 56.1 at ¶¶ 6, 13]. A true and correct copy of Defendants' August 16, 2024 document production is annexed to the Mizrahi Decl. as Exhibit "A". Defendants' August 16, 2024 document production was, inexplicably, not bate-stamped. [Pl.'s 56.1 at ¶¶ 6, 13].

8

### iv.    Defendants' September 27, 2024 251-Page Document Production

In conjunction with the filing of their Motion for Summary Judgment, Defendants filed 251-pages of exhibits, which were annexed to the September 27, 2024 affidavit of Michael J. Martino, Sr. [*See* Dckt. Nos 50, 50-1 – 50-9]. Defendants 251-page document production consisted of, *inter alia*[2]:

1.  19-pages of purported time-of-hire notices [Dckt. No. 50-1]; and

2.  222-pages of purported payroll records [Dckt. Nos. 50-3 – 50-8].

Defendants' September 27, 2024 document production was, inexplicably, not bate-stamped. [Pl.'s 56.1 at ¶¶ 6, 13]. Defendants had never disclosed the 241-page production before September 27, 2024. [*Id*.].

### v.    Defendants Should be Precluded from Relying Upon the Newly Introduced Evidence Under Fed.R.Civ.P. 16(f)

As to the first *Patterson* factor, Defendants have not – and cannot – explain their failure to produce the 241-page production pursuant: (i) the Court's June 22, 2023 Mediation Referral Order [Dckt. No. 18]; (ii) the Court's July 16, 2024 Order [Dckt. No. 40]; (iii) Fed.R.Civ.P. 26(a). The never-before-seen production, on September 27, 2024, was preempted by a stern warning to on August 9, 2024, urging Defendants' counsel to exercise diligence. [*See* Dckt. No. 44].

As to the third *Patterson* factor, the prejudice suffered by Plaintiffs as a result of having to prepare to meet the new evidence is severe. "The purpose of the rule is to prevent the practice of sandbagging an opposing party with new evidence." *Kennedy v. Arias*, 2017 WL 2895901 (S.D.N.Y. 2017). The introduction of 241-pages of never-before-seen documents, for the first time on summary judgment, on the eve of trial, is the epitome of sandbagging. *See Id*. (citing *Pal v. New*

---

[2] The September 27, 2024 document production also included: (i) a six (6) page document, purportedly consisting of an "Employment Agreement" between Jonas Bronck Housing Co. and Plaintiff [Dckt. No. 50-2]; and (ii) a four (4) page warrant requisition [Dckt. No. 59-9]. Plaintiff is not objecting to the introduction of either of these exhibits.

*York University,* 2008 WL 2627614, at \*5 (S.D.N.Y. 2008) (finding prejudice where discovery was closed, a pretrial conference to discuss defendant's proposed motion for summary judgment had been scheduled, and the litigation had been pending for two years).

As to the fourth *Patterson* factor, the Court had entered into an expedited discovery schedule, and permitted leave to file a motion from summary judgment, only on Defendants' urging. [*See* Dckt. No. 38]. Defendants simply cannot justify failing to procure wage notices and payroll records that were admittedly in their possession, custody and control, at an earlier date. *See Kennedy*, 2017 WL 2895901 at \*7 ("Plaintiff has failed to justify his failure to procure the records at an earlier date and the Court therefore doubts his own diligence as well. Therefore, the fourth factor also weighs in favor of preclusion."); *see also Spotnana, Inc. v. Am. Talent Agency, Inc*., 2010 WL 3341837, at \*2 (S.D.N.Y. 2010) (finding the other three factors outweighed "the importance of [defendant's] damages evidence, even though [defendant] may be denied any recovery as a result, because [defendant] has disregarded its discovery obligations without any explanation at all").

**B.  Sanctions are Warranted Under Fed.R.Civ.P. 26(a) and 37**

To the extent that the Court finds that Defendants did not satisfy their automatic disclosure obligation under Fed.R.Civ.P. 26(a), sanctions are warranted under Fed.R.Civ.P. 26, and 37(b)(2)(A). For the sake of brevity, Plaintiff respectfully incorporates the arguments set forth more fully in § I(A).

**II.    The Court Should Respectfully Decline to Consider the Conclusory Assertions in Defendants' Memorandum of Law**

Case law is legion that "assertions in a memorandum of law cannot serve as a substitute for evidence." *Calabrese v. CSC Holdings, Inc*., 2009 WL 425879, at \*17 (E.D.N.Y. 2009). A moving party must submit sworn factual allegations from an affiant with personal knowledge.

*Gesualdi v. J.H. Reid, Gen. Contractor*, 2017 WL 752157, at \*7 (E.D.N.Y. 2017). Moreover, LCR 56.1(d) of the Southern District of New York requires that "each statement by the movant…must be followed by citation to evidence which would be admissible and set forth as required by Fed.R.Civ.P. 56(c). *See Holtz v. Rockefeller & Co*., 258 F.3d 62, 73 (2d Cir. 2001) (noting that district courts interpret Rule 56.1 "to provide that where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion"); *see also* Hon. Katherine Polk Failla's Individual Motion Practice Rule 5(C).

Defendants' memorandum of law is replete with conclusory assertions, that are not entitled to the presumption of truth. Indeed, none of the factual assertions in Defendants' memorandum of law are accompanied by a citation to the relevant paragraph(s) of Defendants 56.1 statement of material facts. [*See generally* Defendants' MOL]. For example, Defendants' contention that: Plaintiff was "the only employe that was required to live in the [Jonas Bronck Apartments]" [Defendants' MOL at p. 6], is totally absent from their 56.1 statement.

Defendants' failure to support these claims with specific citations to a sworn affidavit is highly questionable and suspect.

### III.    Genuine Disputes of Material Fact Exist Regarding Plaintiff's Designation as the Resident Janitor of the Jonas Bronck Apartments

Defendants' move for summary judgment on the Second Cause of Action for unpaid overtime under the NYLL, on the basis that Plaintiff is covered under the janitorial exemption of the Building Service Order. [Defs, MOL at pp. 6-7]. The Building Service Order defines a "janitor", as follows:

> "A janitor is a person employed to render any physical service in connection with the maintenance, care or operation of a residential building. Where there is only one employee, such employee shall be deemed the janitor. Where there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor. ***No building may have more than one janitor***."

12 NYCRR § 141–3.4 (emphasis added). In light of the remedial nature of the NYLL, the exemption is narrowly construed against the employer, who bears the burden of establishing whether it applies. *See Quintero v. Anjudiromi Constr. Corp.,* 2018 WL 1027716 (S.D.N.Y. 2018) (citing *Koljenovic v. Marx*, 999 F. Supp. 2d 396, 399 (E.D.N.Y. 2014)).

Thus, an employee's work presumptively falls within the statutory definition of the janitorial exemption where he is the "only" person employed to render any physical service in connection with the maintenance, care or operation of a residential building. *Almonte*, 2015 WL 7460019 at *5 ("The employer can hire *one* live-in janitor who receives a reduced cash wage, but the employer cannot underpay all of its workers and then claim that the first employee to bring a lawsuit is the 'janitor.'") (Emphasis in original). Where multiple employes provide physical service in connection with the maintenance, care or operation of a building, an employee is covered under the janitorial exemption, only if the employer designated that employee as "the [sole] janitor", under the Building Service Order. *See Quintero,* 2018 WL 1027716 at *5. Courts employ a multi-factor test to determine whether an employee is the sole designated janitor of a residential property. *Almonte*, 2015 WL 7460019 at *5. The multi-factor test considers:

> (i) whether Plaintiff was the only employee who lived in the building; (ii) the manner in which Plaintiff and other employees were compensated; (iii) whether Plaintiff was listed as a 'janitor' or 'superintendent' in the employer's official business records; (iv) whether Plaintiff received written notice that he would be compensated as a building janitor; and (v) whether Plaintiff or his employer represented to third parties that Plaintiff was the "janitor" or "superintendent."

*Id.*

As set forth more fully below, Defendants have failed to demonstrate the absence of a genuine issue of material fact as to each of these factors.

### A. Material Facts Remain in Dispute as to Whether Plaintiff Was the Only "Employee" Who Lived in the Jonas Bronck Apartments

The Building Service Order defines an "employee", in pertinent part, as: "any individual permitted to work by an employer in the building service industry[.]" *See* 12 NYCRR § 141–3.2(a); *see also Shala v. Ocean Condominiums,* 2024 WL 4334900, at *6 (E.D.N.Y. 2024) (citing *Contrera v. Langer*, 290 F. Supp. 3d 269, 271 (S.D.N.Y. 2018), *report and recommendation adopted*, 2018 WL 3918179 (S.D.N.Y. 2018) (application of janitorial exemption inappropriate where factual issues remained as to the number of employees "permitted to work", and living in the building). When two or more employees live in the building, the finder of fact must look for other indicia that one of those employees was chosen to be the janitor. *Almonte*, 2015 WL 7460019 at *6.

Defendants assert that Plaintiff was "the only employe that was required to live in the [Jonas Bronck Apartments] and he was the only employe who was provided with a free rent apartment." [Defs. MOL at p. 6]. As previously set forth in §§ I and II, *supra*, neither of these assertions – nor **any** of the factual assertions in Defendants' memorandum of law – are accompanied by a citation to admissible evidence. Paragraph 16 of Defendants' 56.1 Statement merely states that "[w]hile employed as the Superintendent, [Plaintiff] was the only employee was provided with a free apartment…" [*See* Dckt. No. 49 at ¶ 16]. Defendants' 56.1 Statement does not affirmatively state that Plaintiff was "***the only***" employee who lived in the building. [*Id.*]*; Almonte*, 2015 WL 7460019 at *6 (emphasis added). Nor does Defendants' 56.1 Statement include any assertions regarding other the employees' residential statuses. [*Id.*].

It is undisputed that Defendants' employed multiple employees. [*Id.* at ¶ 7]. Genuine issues of material fact remain as to whether more than one "employee" lived in the Jonas Bronck Apartments, with Plaintiff. Specifically, during the relevant period, Defendants also employed

13

Plaintiff's son, Owen Perez, as a superintendent, maintenance personnel, and porter at the Jonas Bronck Apartments. [Pl.'s 56.1 at ¶¶ 5, 10, 15-18]. Owen Perez was responsible for collecting garbage and recycling, hauling refuse bins to and from the curb, sweeping the sidewalk, cleaning the buildings' hallways and common areas, and maintaining the buildings' appearance. [*Id.*]. Owen Perez was also responsible for addressing reoccurring emergent issues, such as lost keys, locked doors, electrical shortages, clogged toilets, leaks, and other issues that either the Defendants or tenants of the building would demand that Owen Perez address. [*Id.*]. During this period, Owen Perez also resided in the Building. [*Id.*].

During the relevant period, Defendants also employed Jackie Torres as a maintenance personnel, building support specialist, and resident services assistant. [*Id.*]. Jackie Torres was responsible for addressing reoccurring emergent issues, such as lost keys, locked doors, elevator interruptions, electrical shortages, clogged toilets, leaks, and other issues that either the Defendants or tenants of the building would demand that Jackie Torres address. [*Id.*].Jackie Torres was also responsible for providing auxiliary security services at the building, by monitoring the hallways and the building's entryways.  During this period, Jackie Torres also resided in the Building. [*Id.*].

Because a reasonable jury could conclude that Plaintiff, Owen Perez, ***and*** Jackie Torres each lived at the Jonas Bronck Apartments as an incident to their joint employment, material issues of fact preclude a finding of the first factor, in Defendants' favor.

### B.  Material Facts Remain in Dispute as to the Way Plaintiff and Other Employees Were Compensated

In support of the second factor, Defendants assert that Plaintiff "was also the only maintenance employee that was not paid on an hourly basis." [Defs. MOL at p. 7]. In support of this contention, Defendants rely on 222 individual pages of newly introduced payroll records "for all employees working at [the Jonas Bronck Apartments] from 2020 through 2021. [*See* Dckt. No.

50 at ¶ 16]. Assuming, *arguendo*, the Court considers this unsupported contention (which it should not), material facts remain in dispute as to the manner in which Plaintiff and other employees were compensated.

For example, Defendants' payroll records reflect that multiple other employees were paid on a salary basis during the relevant period, *to wit*: (i) "Melissa Ten", and (ii) an employee whose identity Defendants' inexplicably redacted, described as performing "pandemic help" [Dckt. No. 50-3 at p. 7]. During the relevant period, Owen Perez was also performing maintenance, superintendent and janitorial services, in exchange for a flat salary. [Pl.'s 56.1 at ¶ 18].

Thus, despite Defendants' contention to the contrary [Defendants' MOL at p. 7], other maintenance employees were getting paid on a flat salary basis, regardless of how many hours they worked that week. Accordingly, material issues of fact preclude a finding of the second factor, in Defendants' favor.

### C. Material Facts Remain in Dispute as to Plaintiff's Designation on Defendants' Official Business Records

A third factor that the trier of fact can consider to determine whether an employer designated a particular employee as a janitor is whether the employee was listed as the "janitor" or "superintendent in the employer's business records. *Almonte*, 2015 WL 7460019 at *8. The Building Service Order imposes an affirmative obligation on every building service employer to:

> "establish, maintain and preserve for not less than six years, payroll records which shall show for each employee: [i] name and address; [ii] apartment number if allowance for apartment is claimed; [iii] social security number; [iv] occupational classification (resident janitor, nonresident janitor, "all other" workers) and wage rate; *[and] [v] for janitors in residential buildings: (i) number of units in building*[.]"

*Id*. (citing 12 NYCRR § 141–2.1) (emphasis in original).

15

Where, as here, an employer fails to maintain business records indicating the title and method of compensation "*for each employee*" will militate against a finding that an employer designated a particular individual as the janitor. *Id*. (emphasis added).

In support of the third factor, Defendants argue that Plaintiff "executed an Agreement designating him as the Superintendent of the property." [Defendants' MOL at p. 7]. As set forth more fully below, this lone assertion is not dispositive.

First, Defendants' purported payroll records (spanning 222 pages), does not reference their employees' or janitors': (i) addresses; (ii) apartment numbers; (iii) social security numbers; (iv) occupational classifications; or (v) the total number of units in the building, in violation of 12 NYCRR § 141–2.1. [*See* Dckt. No. 50 at ¶ 16]. Second, material questions of fact remain as to whether other maintenance personnel employed, and paid by Defendants during the relevant period (*to wit*: (i) an employee whose identity Defendants' inexplicably redacted, described as performing "pandemic help"; and (ii) Owen Perez), could have been designated as the superintendent, in Defendants' business records.

Because a reasonable jury could conclude that each of these individuals could have also been listed as the "janitor" or "superintendent" on Defendants' records, material issues of fact preclude a finding of the third factor in Defendants' favor.

### D. Material Facts Remain in Dispute as to Whether Plaintiff was Provided Proper Written Notice Regarding his Compensation

The Building Service Order provides that all building service employers "shall furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages. *In the case of janitors, the number of units shall be recorded in the place of hours worked*." *Almonte*, 2015 WL 7460019 at *8 (citing 12 NYCRR § 141–2.2) (emphasis in original). "When an employer

provides the required statement to an employee, and the statement ties the employee's payment to the number of units in a building, the statement can serve as evidence that the employee was designated as the janitor." *Id*.

In support of the fourth factor, Defendants' contend that Plaintiff's executed Agreement satisfies the statutory notice requirements of 12 NYCRR § 141–2.2. [Defendants' MOL at p. 7]. In this case, however, there is no clear evidence that Plaintiff received written notification that his compensation would depend on the number of units at the Jonas Bronck Apartments. [Pl.'s 56.1 at ¶¶ 7, 12, 14]. Accordingly, material issues of fact preclude a finding of the fourth factor in Defendants' favor.

### E. Material Facts Remain in Dispute as to the Number of Employees that Referred to Themselves as "Superintendents"

In support of the fifth factor, Defendants contend Plaintiff's Complaint acknowledges that that Plaintiff was employed as the building superintendent. [Defendants' MOL at p. 7]. As set forth more fully below, this lone assertion is not dispositive, because material issues of fact remain as to how similarly situated employees referred to themselves.

A plain reading of Plaintiff's Complaint reflects that Plaintiff worked alongside other maintenance and janitorial employees. [*See* Dckt. No. 1 at ¶¶ 36, 11-14, 19]. There is also evidence that other employees (including, *inter alia*, the employee whose identity Defendants' inexplicably redacted, described as performing "pandemic help", Owen Perez, and Jackie Torres) performed maintenance, superintendent and janitorial services. [Pl.'s 56.1. at ¶¶ 5, 10, 17, 18].

Because a reasonable jury could conclude that – during the relevant period – more than individual could have considered themselves the superintendent of their building, material issues of fact preclude a finding of the fifth factor in Defendants' favor.

### V.    In Any Event, Plaintiff Must Still be Compensated for Work Performed at Defendants' Other Properties

Assuming, *arguendo,* Plaintiff's work at the Jonas Bronck Apartments was covered under the janitorial exemption (which it was not), Plaintiff's Second Cause of Action for unpaid overtime under the NYLL must survive summary judgment because factual issues remain as to the performance of work performed at Defendants' other properties.

In addition to Plaintiff's responsibilities as a superintendent at the Jonas Bronck Apartments, Defendants also required Plaintiff to perform work at: (i) Mr. Martino's personal residence, located at 17 Triangle Pl. Tuckahoe, NY 10707; and various other properties and apartment complexes that Mr. Martino either owned, or provided management services for, located in: (ii) 81 Fox Run, South Salem, NY 10590; (iii) 50 Columbus Ave., Tuckahoe, NY 10707; (iv) 136 Benefield Blvd., Peekskill, NY 10566; and (v) Yonkers, NY. [Pl.'s 56.1. at ¶¶ 2, 11, 19]. At these other properties, Plaintiff performed general maintenance and renovations, including repairs to the properties' plumbing, electrical, gas, heating and sewage systems. [*Id*.]. On multiple occasions, and other employees working at the Jonas Bronck Apartments, were also required to help move Mr. Martino's daughter out from the apartment complex located at 50 Columbus Ave., Tuckahoe, NY 10707, to Mr. Martino's personal residence, located at 17 Triangle Pl. Tuckahoe, NY 10707. [*Id*.]. Plaintiff was not compensated for any of this work. [*Id*.].

Defendants have tacitly ignored these critical facts in their Motion for Summary Judgment. [*See generally,* Defendants' MOL]. Accordingly, regardless of whether Plaintiff was the exempt janitor of the Jonas Bronck Apartments, he is still entitled to proceed on his Second Cause of Action for work performed at other properties. *See Almonte*, 2015 WL 7460019 at *10 (noting futility of defendants' motion for summary judgment); *Koljenovic*, 999 F. Supp. 2d at 402

(granting a summary judgment motion "except as it pertains to plaintiffs' claim for compensation for work performed in buildings other than those in which they were the resident superintendents").

### VI.    29 C.F.R. § 785.23 Does Not Foreclose Plaintiff From Recovering Unpaid Overtime Under the FLSA

Defendants further argue that 29 C.F.R. § 785.23 exempts Plaintiff from recovering any overtime pay under the FLSA. [Defendants' MOL at pp. 7-8, 10]. As set forth more fully below, Defendants' argument misses the mark. Section 785.23 is not an exemption from overtime under the FLSA, as Defendant suggests. "Rather than providing employers with an exception to the FLSA overtime pay requirements, § 785.23 simply offers a sound methodology for calculating how many hours the employees actually worked within the meaning of FLSA." *Brigham v. Eugene Water & Elec. Bd.,* 357 F.3d 931, 942 (9th Cir. 2004); *see also Calderon v. Mullarkey Realty, LLC,* 2018 WL 2871834 (E.D.N.Y. 2018). Section 785.23 states:

> "An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted."

29 C.F.R. § 785.23.

Although "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate [,]" *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981) (citations omitted), that "'does not foreclose, of course, reasonable provisions of contract or custom governing the computation of work hours where precisely accurate computation is difficult or impossible.'" *Garofolo v. Donald B. Heslep Assoc., Inc.,* 405 F.3d 194, 199 (4th Cir.

19

2005) (quoting *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 603 (1944)). "Section 785.23 demonstrates this principle by authorizing the use of a 'reasonable agreement' to determine the number of compensable hours due an employee who works at home or who lives on the employer's premises." *Garofolo,* 405 F.3d at 199 (citation and internal quotation marks omitted). Since Defendants seek to benefit from Section 785.23, it is Defendants' "burden of proving 'plainly and unmistakably,' that (1) there was an agreement to compensate [plaintiff] for [his] overtime work ..., and (2) the agreement was 'reasonable,' having taken into account 'all of the pertinent facts.'" *Leever v. City of Carson,* 360 F.3d 1014, 1018 (9th Cir. 2004); *Garofolo,* 405 F.3d at 199-200. In light of the evidence in the record, Defendants cannot do that here.

An agreement under Section 785.23 must take into account some approximation of the number of hours actually worked by the employee or that the employee could reasonably be required to work." *Leever,* 360 F.3d at 1019. Here, Defendants have not – and cannot – argue that such an agreement exists. Defendants simply argue that 29 C.F.R. § 785.23 forecloses any recovery for unpaid wages under the FLSA, without any reference or evidence to an approximation of hours actually worked by Plaintiff.

Furthermore, the parties fundamentally disagree as to the character of compensable work. Defendants take the position in essence that any downtime cannot be considered work time under any circumstances. [Defendants' MOL at pp. 7-8]. However, "[a]s a general rule the term 'hours worked' will include: (a) ***All time during which an employee is required to be*** on duty or to be ***on the employer's premises*** or at a prescribed workplace and (b) all time during which an employee is suffered or permitted to work whether or not he is required to do so." 29 C.F.R. § 778.223 (emphasis added). "Periods during which an employee is completely relieved from duty

and which are long enough to enable him to use the time effectively for his own purposes are not hours worked. He is not completely relieved from duty and cannot use the time effectively for his own purposes unless he is definitely told in advance that he may leave the job and that he will not have to commence work until a definitely specified hour has arrived." 29 C.F.R. § 785.16.

Where, as here, material questions of fact remain as to the restrictive nature of Plaintiff's on-call work, Defendants cannot rely on 29 C.F.R. § 785.23. *See Moon v. Kwon*, 248 F. Supp. 2d 201, 230 (S.D.N.Y. 2002) (concluding that time spent "waiting to be engaged" is compensable work under the FLSA and NYLL).

## IV.    Genuine Disputes of Material Fact Exist Regarding Plaintiff's Wage Notices and Wage Statements

Defendants argue that "[Plaintiffs] WTPA [*sic*] must be dismissed" because Plaintiff "received adequate notices…and because he was timely paid all wages owed[.]" [Defendants' MOL at p. 10]. For the reasons set forth more fully in §§ I and II, *supra*, which are respectfully incorporated by referenced herein, this must fail.

## V.    The Court Should Exercise Supplemental Jurisdiction Over Plaintiff's NYLL Claims

Defendants contend that in the event Plaintiff's FLSA claim is dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining NYLL claims. [Defs. MOL at p. 10]. Assuming, *arguendo,* the Court grants summary judgment on Plaintiff's First Claim under the FLSA (which it should not), the Court should still exercise supplemental jurisdiction over the NYLL claims.

28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The term "part of the same case or

controversy" means that the claims "derive from a common nucleus of operative fact." *Briarpatch Ltd. v. Phoenix Pictures, Inc*., 373 F.3d 296, 308 (2d Cir. 2004). It is well settled that NYLL and FLSA claims that arise out of the same compensation policies and practices derive from the same common nucleus of operative fact. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc*., 659 F.3d 234, 245 (2d Cir. 2011); *accord Yong Kui Chen v. Wai ? Café Inc*., 2017 WL 3311228, at *3 (S.D.N.Y. 2017) ("In wage and hour cases, typically, supplemental jurisdiction is appropriate for NYLL claims during the employment relationship because those claims arise from the same underlying factual basis as FLSA claims."). If the statutory requirements for supplemental jurisdiction are satisfied, "discretion to decline supplemental jurisdiction is available <u>only if</u> founded upon an enumerated category of subsection 1367(c)." *Shahriar*, 659 F.3d at 245 (emphasis in original).

The only potentially relevant provision in 28 U.S.C. § 1367(c) is subsection (3), which provides that a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." The Second Circuit has ruled that in such a situation, "a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966): economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co*., 358 F.3d 205, 214 (2d Cir. 2004).

Here, each of the *Gibbs* factors counsel against dismissing Plaintiff's NYLL claims. *Id.* It would be grossly inefficient to retry the NYLL claims with the identical evidence in state court. It would also be inconvenient to both sides, and be fundamentally unfair to require the parties to undergo the expense of a duplicative trial. *See Salustio v. 106 Columbia Deli Corp.,* 264 F. Supp 3d 540, 552 (S.D.N.Y. 2017).

Accordingly, the Court should continue to exercise supplemental jurisdiction over Plaintiff's NYLL claims.

## <u>CONCLUSION</u>

For all of the foregoing reasons, it is respectfully submitted that Defendants' Motion for Summary Judgment should be denied in its entirety, Plaintiff's Cross-Motion to Preclude should be granted in its entirety, in addition to any such other or further relief as the Court might deem proper or just.

Dated: New York, New York
   October 18, 2024       LEVIN-EPSTEIN & ASSOCIATES, P.C.

              By:  */s/ Jason Mizrahi*
                   Jason Mizrahi, Esq.
                   60 East 42nd Street, Suite 4700
                   New York, NY 10165
                   Tel. No.: (212) 792-0048
                   Email: Jason@levinepstein.com
                   *Attorneys for Plaintiffs*